ROBERT JEREMY ADAMSON, Bar No. 251380
KUNZLER LAW GROUP
8 East Broadway, Suite 600
Salt Lake City, UT 84111
Telephone:    801.994.4646
Fax No.:        801.532.7750

Attorneys for Plaintiff
SHIRLEY KONKLE


BENJAMIN L. WEBSTER, Bar No. 132230
KELSEY E. PAPST, Bar No. 270547
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
Telephone:    916.830.7200
Fax No.:        916.561.0828

Attorneys for Defendant
AEROTEK, INC., A MARYLAND CORPORATION

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIRLEY KONKLE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AEROTEK, INC., a Maryland Corporation,<br><br>Defendant. | Case No.  2:13-cv-01905-MCE-DAD<br><br>**STIPULATED PROTECTIVE ORDER** |

Pursuant to Local Rule 141.1, Plaintiff SHIRLEY KONKLE ("Plaintiff") and Defendant AEROTEK, INC. ("Defendant") (collectively referred to as the "Parties"), by and through their respective undersigned counsel, hereby respectfully request that the Court approve this Stipulated Protective Order regarding the confidential treatment of information produced during the discovery process.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under

Firmwide:124540117.2 071691.1034

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

STIPULATED PROTECTIVE ORDER

applicable legal principles.  The Parties further acknowledge, as set forth in Section 11 below, that this Stipulated Protective Order does not entitle them to file Confidential Information under seal, and that Local Rules 140 and 141 set forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

**WHEREBY THE PARTIES STIPULATE AS FOLLOWS:**

1. <u>Definitions</u>: When used in this Stipulated Protective Order ("Protective Order"), the words set forth below shall have the following meanings:

(A) "Documents" includes, but is not limited to, all writings, drawings, graphs, charts, photographs, phono-records, emails and other electronically stored information, text and instant messages, and other data compilations from which information can be obtained or, if necessary, translated by the Party to whom the request is directed through detection devices into a reasonably usable form, which have been disclosed in discovery in this Litigation by any person or entity, whether pursuant to formal discovery requests or by agreement.

(B) "Discovery Materials" means all documents, deposition testimony and transcripts, deposition exhibits, responses to any discovery requests, including responses to interrogatories, document requests, subpoenas duces tecum, requests for admission, inspections, examinations of premises, facilities, and physical evidence, and any other information or material produced pursuant to the Federal Rules of Civil Procedure or otherwise given or exchanged by or among the parties and third parties to this action and includes all copies of such documents or other materials, in hard copy, electronic form, or any other form or format.

(C) "Disclose" or "Disclosure" means to produce, reveal, divulge, give, or make available Discovery Materials, or any part thereof, or any information contained therein.

(D) "Confidential" or "Confidential Information" is intended to be applied to Discovery Material that contains non-public, trade secret, proprietary, or private information that is treated by the proprietor thereof as such information, including but not limited to, commercial, business, financial, personnel, research, development, medical, or other commercial information that the designating Party in good faith believes requires the protections of this Protective Order.

(E) "Producing Party" means the person or entity disclosing Discovery Materials, including persons and/or entities who are non-parties to this Litigation.

(F) "Non-Producing Party" means any Party other than the Producing Party.

(G) "Litigation" means the above-referenced case currently pending before this Court.

(H) "Party," as used alone and not pursuant to 1(E) or 1(F) above, means Plaintiff and Defendant.

(I) "Signatory" means any Party, or any other person or entity who signs this Protective Order or Attachment A to this Protective Order, and their counsel.

2. <u>Use of Discovery Materials</u>: Discovery Materials shall be used solely for the purpose of this Litigation. Except by order of the Court, Discovery Materials shall not be used by any Party or non-party, other than the Producing Party, for any other purpose, including, without limitation, any business or commercial purpose.

3. <u>Designating Confidential Information</u>: The designation of Confidential Information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." In the case of a thing, the legend "CONFIDENTIAL" shall be securely affixed in a prominent location. Except for documents produced for inspection at the Party's facilities, the designation of Confidential Information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the Party's facilities, such documents may be produced for inspection before being marked "CONFIDENTIAL." With regard to marking documents with the appropriate confidentiality classification, each page of the document that contains Confidential Information shall be so marked in a prominent location. Copies, extracts, summaries, notes, and other derivatives of "CONFIDENTIAL" Discovery Material shall also be deemed "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Once specific documents have been designated for copying, any documents containing Confidential Information will then be marked "CONFIDENTIAL" after copying but before delivery to the Party who

Firmwide:124540117.2 071691.1034

3.

STIPULATED PROTECTIVE ORDER

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

inspected and designated the documents. There will be no waiver of confidentiality by the inspection of Confidential documents before they are copied and marked "CONFIDENTIAL" pursuant to this procedure.

4.  <u>Redaction of Confidential Information</u>: To the extent that a document contains some information that is "CONFIDENTIAL" but other portions of the document do not warrant such a designation, then the Producing Party should provide to the Non-Producing Party one copy of the document in the manner described above with the appropriate designation along with one copy of the document with the "CONFIDENTIAL" information redacted and without said designation.

5.  <u>Challenging Confidentiality Designations</u>: Any Party objecting to the designation of any particular Discovery Material as "CONFIDENTIAL" or believing that any such designation is not made in good faith shall attempt to resolve the matter by setting forth in writing to the other Party the objections and reason(s) therefor. If the Parties cannot resolve a challenge without Court intervention, the Producing Party shall file and serve a motion to retain confidentiality under Local Rule 141.1 within twenty-one (21) days of the initial notice of the challenge or within fourteen (14) days of the Parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Producing Party to make such a motion, including the required declaration, within the time limits prescribed above shall automatically waive the confidentiality designation for each challenged designation. In addition, the Non-Producing Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph. Pending the determination by the Court, the Discovery Material shall retain its protected status. The burden shall remain on the Party seeking confidentiality to justify its Confidential designation.

Firmwide:124540117.2 071691.1034

4.

STIPULATED PROTECTIVE ORDER

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

6. <u>Disclosure of Confidential Information</u>: Other than as permitted by this Order, no person may review, examine, or make copies of such documents or be given access to such information without the written consent of the opposing or Producing Party, and no one properly in possession of such documents or information may reveal the contents of the same or exhibit any document or any portion of any document to anyone. To obtain written consent for the disclosure of anything designated as "CONFIDENTIAL" to any person not specified herein, such Party must first present a written request to opposing counsel or counsel for the Producing Party seeking the release of the document, material, or information from the terms of this Protective Order and thereafter, the Party or Producing Party receiving such request shall have ten (10) days from receipt thereof to respond to said request. If the Parties and/or Producing Party do not reach an agreement, then the requesting Party may move this Court for relief from this Order.

7. <u>Exceptions to Non-Disclosure</u>: Discovery Material designated "CONFIDENTIAL," copies thereof, and any Confidential Information contained therein shall be used solely for the purpose of conducting this Litigation in good faith (including in discovery, at trial, and on appeal) and not for any business, personal or other purpose whatsoever, and shall not be reviewed, revealed or disclosed to any person except:

    (A) the Court and its personnel;

    (B) stenographers engaged in this Litigation;

    (C) counsel of record in this Litigation and personnel of counsels' respective law firms who have functional responsibility for preparation and trial of this Litigation, including paralegals, legal assistants, litigation support services, printers, and outside copy services utilized by each firm;

    (D) any witness or potential witness in this Litigation who is shown a Confidential Document outside of a deposition, or during any portion of a deposition that has been designated as Confidential in accordance with the procedures contained herein, provided that said witness executes a copy of the Declaration and Agreement to be Bound attached hereto as Attachment A. At a deposition, either Party may declare the deposition Confidential in accordance with the procedures

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

contained herein.  No witness in this Litigation, who is shown a Confidential Document during a deposition, may take an original or a copy of any such document from the deposition;

    (E) independent consultants or non-party experts retained by a Party or counsel to a Party to assist counsel in the preparation and trial of this Litigation.  Any Party so retaining such a consultant or expert shall have such consultant or expert execute the Declaration attached to this Protective Order;

    (F) Defendant and corporate representatives, employees, officers, and/or directors of Plaintiff involved in or with knowledge of facts relevant to this Litigation, but only on a need to know basis and after executing an Attachment A form Declaration and Agreement to be Bound;

    (G) in-house counsel for Plaintiff and personnel of in-house counsel who are directly assisting in the conduct of this Litigation, including paralegal, clerical, and other regular employees;

    (H) mediators agreed to by the Parties or as appointed by the Court to assist in resolving the issues between the Parties; and

    (I) as required by law and the Party of whom disclosure is required shall give prompt written notice thereof to the Producing Party.

    8. <u>Use of Confidential Information at Depositions</u>:  Confidential Information disclosed at deposition may be designated by any Party as "CONFIDENTIAL" by indicating on the record at the deposition that the testimony is "CONFIDENTIAL" and is subject to the provisions of this Protective Order.  A Party may also designate Confidential Information disclosed at such deposition as "CONFIDENTIAL" by notifying the opposing Party in writing within fifteen (15) days of receipt of the transcript, of the specific pages and lines of the transcript which should be treated as "CONFIDENTIAL" thereafter.  Until the expiration of the fifteen (15) day period, the Parties agree to treat the transcripts as Confidential and subject to the restrictions in paragraph 6 of this Protective Order.  Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in his possession, custody, or control.  Producing Parties may invoke the protections of this Protective Order by designating transcripts under this paragraph.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

9. <u>Use of Confidential Information at Trial</u>: Pursuant to Local Rule 141.1(b)(2), any use of Confidential Information or Documents designated as "CONFIDENTIAL" at trial shall be governed by a separate agreement and order, to be submitted at the time of pretrial statements.

10. <u>Security of Confidential Information</u>: Counsel for the Parties shall keep all documents designated as "CONFIDENTIAL" which are received under this Protective Order, secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

11. <u>Scope</u>: The restrictions and obligations regarding Discovery Material designated as "CONFIDENTIAL" shall apply only to Documents and information produced in this Litigation. In addition, the restrictions and obligations regarding Discovery Material designated as "CONFIDENTIAL" shall not apply to Discovery Material that is already public knowledge at the time of production, or that becomes public knowledge subsequent to production unless it becomes public knowledge because of a violation of this Protective Order. Each Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. Mass, indiscriminate, or routinized designations are prohibited.

12. <u>Filing of Confidential Information</u>: Without written permission from the Producing Party or a Court order secured after appropriate notice to all interested person, a Party may not file in the public record in this action any Confidential Information or Documents designated "CONFIDENTIAL." A Party that seeks to file under seal any Documents containing Confidential Information or designated "CONFIDENTIAL" must comply with Local Rules 140 and 141. Confidential material may only be filed under seal pursuant to a Court order authorizing the sealing of the specific material at issue. If a Non-Producing Party's request to file Confidential Information or Documents designated "CONFIDENTIAL" under seal is denied by the Court, then the Non-Producing Party may file the Confidential material in the public record unless otherwise instructed by the Court.

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

13. <u>No Effect on Privilege</u>:  The entry of this Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party or Producing Party with respect to discovery matters, including, but not limited to, any Party's or Producing Party's right to assert the attorney-client privilege, work product doctrine, or other privileges with respect to Discovery Materials or any Party's or Producing Party's right to contest such assertion.  Any inadvertent disclosure of Discovery Materials protected by the attorney-client privilege or the work product doctrine will not be deemed a waiver of such privilege.  Upon request from the Producing Party, a Non-Producing Party shall return all copies of any inadvertently disclosed privileged materials.  The return of any inadvertently disclosed privileged materials shall not prejudice the rights of any Party or Producing Party to contest an assertion of the attorney-client privilege, work product doctrine, or other privileges with the Court.

14. <u>Additional Rights</u>:  Nothing in this Protective Order shall diminish the existing rights and responsibilities of the Parties and other persons involved in this Litigation with respect to the protection of Confidential Information, as defined herein or otherwise.  Nothing in this Protective Order shall be construed to preclude the Parties or Producing Parties from waiving, in writing or on the record, provisions set forth herein in specific instances to expedite this Litigation.  Nothing in this Protective Order shall be construed to preclude the Parties or Producing Parties from seeking and obtaining additional protection from the Court with respect to the treatment of Discovery Materials covered by this Protective Order.

15. <u>Final Disposition</u>:  Upon the final determination of this Litigation or dismissal in connection with an executed settlement agreement, all originals, copies, and derivatives of Discovery Material shall be returned to counsel for the Party or Producing Party that produced the document or other material or certified in writing that they have been destroyed within sixty (60) days.  Notwithstanding anything to the contrary hereinabove, this Protective Order will not require a Party to return any documents that originated from that Party.

16. <u>Court Intervention</u>:  This Protective Order shall be without prejudice to the right of any Party to bring to the Court the question of whether any particular Discovery Material is

Firmwide:124540117.2 071691.1034                                         8.

STIPULATED PROTECTIVE ORDER

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA  95814
916.830.7200

"CONFIDENTIAL" or whether its use should be restricted. This Protective Order and any application of it may be modified by the Court for good cause at any time.

17.   <u>Inadvertent Disclosure</u>:   If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Producing Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Non-Producing Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. When a Producing Party gives notice to the Non-Producing Party that certain inadvertently produced material is Confidential or subject to a claim of privilege or other protection, the Non-Producing Party must follow the guidelines set forth in Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and: (1) promptly return, sequester, or destroy the specified information and any copies it has; (2) not use or disclose the information until the claim is resolved; (3) take reasonable steps to retrieve the information if the Party disclosed it before being notified; and (4) where warranted, promptly present the information to the Court under seal for a determination of the claim. The Producing Party must likewise preserve the information until the claim is resolved.

18.   <u>Duration</u>:   This Protective Order and the obligation to maintain confidentiality shall survive the termination of this Litigation and shall continue in full force and effect.

Dated: January 8, 2014            /s/ *Robert J. Adamson (Approved on 1/8/14)*
                                  ROBERT JEREMY ADAMSON
                                  KUNZLER LAW GROUP
                                  Attorneys for Plaintiff
                                  SHIRLEY KONKLE

Dated: January 8, 2014            /s/ *Benjamin L. Webster*
                                  BENJAMIN L. WEBSTER
                                  LITTLER MENDELSON, P.C.
                                  Attorneys for Defendant
                                  AEROTEK, INC., A MARYLAND
                                  CORPORATION

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:124540117.2 071691.1034                 9.

STIPULATED PROTECTIVE ORDER

ORDER

Pursuant to the parties' stipulation, **IT IS SO ORDERED.**

Dated: January 15, 2014

Ddad1\orders.civil\konkle1905.stip.prot.ord.docx

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:124540117.2 071691.1034           10.

STIPULATED PROTECTIVE ORDER

## ATTACHMENT A

## DECLARATION AND AGREEMENT TO BE BOUND

I declare as follows:

1. My name is _____.

I live at _____ (current address).

I am employed as _____ (position) by _____

_____ (name and address of employer).

2. I am aware that the Parties have stipulated to a Protective Order regarding the confidentiality of information and documents produced by the Parties in *Shirley Konkle v. Aerotek, Inc.* pending before the United States District Court, Eastern District of California, Case No. 2:13-CV-01905-MCE-DAD. A copy of the Protective Order has been given to me.

3. I promise that documents and information given confidential treatment under the Protective Order will be used by me only in testifying and/or assisting counsel in preparing for and conducting the Litigation of the above-referenced case and not for any business, personal, or other purposes whatsoever.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____     _____

(signature)

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

Firmwide:124540117.2 071691.1034     11.

STIPULATED PROTECTIVE ORDER